UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERIC COSOVIC, :
    Petitioner :
 :
v. : CIVIL NO. 4:CV-05-2111
 :
: (Judge McClure)
THE PEOPLE OF THE :
STATE OF NEW YORK, :
    Respondent :

## **MEMORANDUM AND ORDER**

October 24, 2005

**Background**

    Eric Cosovic, a/k/a Isad Cosovic ("Petitioner"), a detainee of the Bureau of Immigration and Customs Enforcement ("ICE") presently confined at the York County Prison, York, Pennsylvania, filed this pro se petition for writ of habeas corpus which is labeled as seeking relief pursuant to 28 U.S.C. § 2241. The required filing fee has been paid. Named as Respondent is "The People of the State of New York." Record document no. 1, p. 1.

    Cosovic identifies himself as being a native of Serbia/Montenegro. His present petition does not directly contest the legality of his ICE removal proceedings or his

continued detention pending removal.  Rather, his petition challenges the legality of his 2001 criminal conviction in the Supreme Court for Queens County, New York. Petitioner acknowledges that pursuant to a negotiated plea agreement, he pled guilty to a charge of Attempted Criminal Sale of a Controlled Substance in the Third Degree. He was sentenced to a four (4) to eight (8) year term of incarceration on March 21, 2001.  As a consequence of his criminal conviction, removal proceedings were subsequently initiated against Cosovic.

Petitioner claims entitlement to federal habeas corpus relief on the grounds that the attorney who represented him during his New York state criminal proceedings provided ineffective assistance.  He adds that his guilty plea "was unknowing and involuntary."  Id. at p. 3.  Included in the allegations of ineffective assistance is the claim that Cosovic's attorney failed to advise him of the immigration related consequences of his guilty plea.  As relief, he asks this Court to vacate his New York state conviction.

**Discussion**

As noted above, Petitioner is attacking the legality of his New York state criminal conviction.  Consequently, since the petition is a challenge to a state court conviction, it is actually seeking relief pursuant to 28 U.S.C. § 2254.

It has been recognized that an application for habeas corpus relief under § 2254

made by a person in custody under the judgment of and sentence of a State court of a State having two or more Federal judicial districts is properly filed either in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of those district courts shall have concurrent jurisdiction to entertain the application.  See 28 U.S.C. §2241(d).

Although the Petitioner is presently confined within the jurisdiction of this Court, his present § 2254 action challenges a conviction rendered by a state court which is not located within this judicial district.  Consequently, Cosovic's present action is properly brought in the district court within which the Supreme Court for Queens County, New York is located.  A court may transfer any civil action in the interest of justice, to any district where the action could have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in Hoffman v. Blaski, 363 U.S. 335, 343 (1960) recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought.

The Supreme Court for Queens County, New York is located within the confines of the United States District Court for the Southern District of New York. The Southern District of New York is the proper forum within which to attack the legality of Cosovic's state conviction and also to answer the question of whether

Petitioner has exhausted his state court remedies. Pursuant to § 1404(a), this matter will be transferred to the Southern District of New York. Consequently,

**IT IS HEREBY ORDERED**:

1. The Clerk of Court is directed to transfer this habeas corpus petition to the United States District Court for the Southern District of New York.

2. The Clerk of Court is directed to close this case.


    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge